IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN WILLS, 1793345,<br>　　　　Petitioner,<br><br>v.<br><br>WILLIAM STEPHENS, Director, Texas<br>Dept. Of Criminal Justice, Correctional<br>Institutions Division,<br>　　　　Respondent. | )<br>)<br>)<br>)<br>)   No. 3:13-CV-704-M<br>)<br>)<br>)<br>)<br>)<br>) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

## I. Factual Background

This is a habeas corpus proceeding brought under 28 U.S.C. § 2254. At the time he filed this petition, Petitioner was in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent William Stephens is the Director of TDCJ-CID.

Petitioner was charged with possession of cocaine. *State of Texas v. Kevin Bronsha Wills*, No. F-1155798-I (Crim. Dist. Ct. No. 2, Dallas County, Tex.). On June 17, 2011, he entered into a written plea agreement and the court sentenced him to two years deferred adjudication probation. The court later revoked Petitioner's probation and sentenced him to eighteen months in state jail.

In this petition, Petitioner does not challenge his conviction, but only challenges the length of his sentence. Petitioner has been released from custody after fully serving his sentence.

On May 15, 2014, Respondent filed a supplemental answer arguing, *inter alia*, that the petition is moot due to Petitioner's release from custody. On August 18, 2014 Petitioner's appointed counsel filed a suggestion of mootness. The Court now finds the petition should be dismissed as moot.

## II. Discussion

Article III of the Constitution limits federal court jurisdiction to "cases and controversies." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). Under the case or controversy requirement, "[t]he parties must continue to have a personal stake in the outcome of the lawsuit." *Spencer v. Kemma*, 523 U.S. 1, 7 (1998). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

In this case, Petitioner does not attack his conviction. He instead attacks the length of his sentence. On October 16, 2013, Petitioner fully discharged his sentence. (Resp. Mar. 6, 2014 Mot. For Extension, Ex. A.) Petitioner's release from custody renders moot his request for speedier release from custody. *See Lane v. Williams*, 455 U.S. 624, 632-33 (1982) (finding habeas case challenging sentence became moot when petitioner was no longer confined); *Spencer*, 523 U.S. at 12-14 (1998)(same) Since an Article III case or controversy no longer exists, the petition should be dismissed.

**RECOMMENDATION**

The Court recommends that the petition be dismissed for lack of jurisdiction as moot.

Signed this 3 day of September 2014.

                                              PAUL D. STICKNEY
                                              UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).